United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  DANNY MCCOY,                        No. C-10-2137 TEH (PR)

12            Plaintiff,               ORDER DENYING WITHOUT PREJUDICE
                                       PLAINTIFF'S REQUEST TO REOPEN
13        v.                           CASE

14  MATTHEW ANDERSON,

15            Defendant.

16  _____/

17

18          Plaintiff, an inmate presently incarcerated at the Federal

19  Correctional Institution in Lompoc, California, seeks to re-open

20  this case and amend the Complaint to add a claim of misplacement of

21  his legal materials.  Plaintiff's request is DENIED WITHOUT

22  PREJUDICE for the reasons set forth below.  Doc. #5.

23          This case was commenced by Plaintiff on May 18, 2010, when

24  he filed a pro se Complaint under 42 U.S.C. § 1983 alleging that

25  Richmond Police Officer Matthew Anderson unlawfully detained

26  Plaintiff and falsified a police report, thereby violating

27  Plaintiff's constitutional rights.  Plaintiff sought damages.  Doc.

28  #1.  However, at that time, criminal proceedings against Plaintiff

United States District Court

For the Northern District of California

1  were ongoing and Plaintiff had not yet been convicted of any crime.

2  <u>See</u> Doc. #4 at 2.  Accordingly, on August 16, 2010, this Court

3  stayed proceedings in this case and administratively closed this

4  case pursuant to <u>Wallace v. Kato</u>, 549 U.S. 384, 393-94 (2007).  Doc.

5  #4.  It appears that Plaintiff has since been convicted.  <u>See</u> <u>United</u>

6  <u>States of America v. McCoy</u>, No. 09-CR-00337 CW (N.D. Cal. filed

7  April 1, 2009) and Doc. #5.  However, to recover damages for an

8  allegedly unconstitutional conviction or prison sentence, or for

9  other harm caused by actions whose unlawfulness would render a

10  conviction or sentence invalid, a plaintiff in a 42 U.S.C. § 1983

11  action must prove that the conviction or sentence has been reversed

12  on direct appeal, expunged by executive order, declared invalid by a

13  state tribunal authorized to make such determination, or called into

14  question by a federal court's issuance of a writ of habeas corpus.

15  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).  A claim for damages

16  bearing that relationship to a conviction or sentence that has not

17  been so invalidated is not cognizable under 42 U.S.C. § 1983.  <u>Id.</u>

18  at 487.  Currently, Plaintiff has not provided this court with any

19  indication that his conviction has been declared invalid.  Therefore

20  Plaintiff's motion to reopen this case is DENIED WITHOUT PREJUDICE.

21  If Plaintiff again seeks to reopen this case, Plaintiff should

22  provide documentation that his conviction or sentence has been

23  invalidated.

24       To the extent that Plaintiff wishes to amend his complaint

25  to add a new claim of misplacement of legal materials, he is advised

26  that federal joinder rules prohibit joining multiple claims and

27  multiple defendants in a single action.  <u>See</u> Fed. R. Civ. P. 18(a)

28

**2**

**United States District Court**
For the Northern District of California

("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."), 20(a)(2) (multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."). Presumably Plaintiff's claim for misplacement of legal materials is not against the named defendant in this case, Matthew Anderson. In any case, the misplacement of legal materials does not arise out the same occurrence as is the focus of the complaint in this case. If Plaintiff wishes to seek relief for the misplacement of his legal materials, he must file a new complaint doing so that complies with the federal rules. The Clerk is directed to send Plaintiff a blank civil rights complaint. This case remains closed.

        IT IS SO ORDERED.

DATED      _08/02/2012_                    _____
                                           **THELTON E. HENDERSON**
                                           **United States District Judge**

G:\PRO-SE\TEH\CR.10\McCoy-10-2137-deny reopen.wpd

3