IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANNY MCCOY,

        Plaintiff,

    v.

MATTHEW ANDERSON,

        Defendant.

                              /

No. C-10-2137 TEH (PR)

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO REOPEN CASE

        Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Lompoc, California, seeks to re-open this case and amend the Complaint to add a claim of misplacement of his legal materials. Plaintiff's request is DENIED WITHOUT PREJUDICE for the reasons set forth below. Doc. #5.

        This case was commenced by Plaintiff on May 18, 2010, when he filed a <u>pro se</u> Complaint under 42 U.S.C. § 1983 alleging that Richmond Police Officer Matthew Anderson unlawfully detained Plaintiff and falsified a police report, thereby violating Plaintiff's constitutional rights. Plaintiff sought damages. Doc. #1. However, at that time, criminal proceedings against Plaintiff

were ongoing and Plaintiff had not yet been convicted of any crime. See Doc. #4 at 2. Accordingly, on August 16, 2010, this Court stayed proceedings in this case and administratively closed this case pursuant to Wallace v. Kato, 549 U.S. 384, 393-94 (2007). Doc. #4. It appears that Plaintiff has since been convicted. See United States of America v. McCoy, No. 09-CR-00337 CW (N.D. Cal. filed April 1, 2009) and Doc. #5. However, to recover damages for an allegedly unconstitutional conviction or prison sentence, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a 42 U.S.C. § 1983 action must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id. at 487. Currently, Plaintiff has not provided this court with any indication that his conviction has been declared invalid. Therefore Plaintiff's motion to reopen this case is DENIED WITHOUT PREJUDICE. If Plaintiff again seeks to reopen this case, Plaintiff should provide documentation that his conviction or sentence has been invalidated.

    To the extent that Plaintiff wishes to amend his complaint to add a new claim of misplacement of legal materials, he is advised that federal joinder rules prohibit joining multiple claims and multiple defendants in a single action. See Fed. R. Civ. P. 18(a)

2

("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."), 20(a)(2) (multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."). Presumably Plaintiff's claim for misplacement of legal materials is not against the named defendant in this case, Matthew Anderson. In any case, the misplacement of legal materials does not arise out the same occurrence as is the focus of the complaint in this case. If Plaintiff wishes to seek relief for the misplacement of his legal materials, he must file a new complaint doing so that complies with the federal rules. The Clerk is directed to send Plaintiff a blank civil rights complaint. This case remains closed.

     IT IS SO ORDERED.

DATED    *08/02/2012*                                     
**THELTON E. HENDERSON**
**United States District Judge**

G:\PRO-SE\TEH\CR.10\McCoy-10-2137-deny reopen.wpd

3